RANSOM HAMPTON v. THE STATE.

CRIMINAL LAW. *Maliciously secreting property.* To sustain a conviction under sub-section 14 of section 4652 of the Code, it must appear that the primary motive was to do injury and thus gratify a malevolent disposition.

FROM COFFEE.

Appeal in error from the Circuit Court of Coffee county. J. J. WILLIAMS, J.

A. S. MARKS for Hampton.

ATTORNEY-GENERAL LEA for The State.

DEADERICK, C. J., delivered the opinion of the court.

Defendant below was convicted under sub-section 14 of section 4652 of the Code, and has appealed in error to this court.

The sub-section cited makes it a misdemeanor "to maliciously destroy, injure or secrete any goods, chattels, or valuable papers of another."

The indictment charges that the defendant did unlawfully and maliciously secrete one mule of the value of fifty dollars, one wagon of the value of twenty-five dollars, four bushels of wheat of the value of four dollars, and one sausage mill of the value of one dollar, of the goods and chattels of one Annie Hampton.

Defendant is an old man of 78 years of age, peevish and childish, and the prosecutrix is the widow of his son. They had lived in part of the same house with defendant until the summer of 1881, when the son went to Eureka Springs for his health and shortly thereafter died. His wife had accompanied him to the Springs, and he left behind him the articles of property specified in the indictment.

The articles being exempt from execution, were claimed by the wife as her property. On the other hand, the defendant had, perhaps, assisted in raising some money for his son's expenses upon his visit to the Springs, and insisted this property should be applied to paying the debt made for borrowed money.

The record further shows that the defendant was advised by counsel to take possession of the property peaceably, and he did take the mule and wagon and lock them in his lot, and being informed that threats were made. to break the lock and retake the property, he removed the mule and wagon.

There is no evidence of the secreting of any wheat, and. the weight of evidence is that the sausage mill was the property of defendant.

The mule and wagon were restored to the possession of the prosecutrix by writ of replevin sued out by her.

There was error in the admission of hearsay evidence of declarations of H. Duncan by Yant, but in the view we have taken of the case, it is scarcely necessary to discuss such error.

A good deal of ·evidence is adduced showing defendant's violent temper and abuse of the prosecutrix and others. But we do not think the evidence shows that the conduct of defendant was induced by malice, or that he secreted the property, if at all, from malicious motives to the owner or to the property. On the contrary, it appears he insisted it should be sold to pay a debt of the son, and while in his lot, though under lock and key, the mule and wagon could hardly be said to have been secreted.

His Honor charged the jury correctly, that to authorize a conviction, the proof must show that the defendant did in fact conceal and secrete the articles charged, or some of them, and that it was done maliciously, but if taken under some color of right, then

41—VOL. 10.

it could not be said to have been done maliciously. We think the error of the court is not in his charge, but in refusing to grant a new trial, upon the ground that the evidence did not sustain the verdict.

Defendant had no legal right to the mule and wagon. But the son when he left had said, that if he did not return, he had left property enough to pay his debts, and the father founded his claim upon the right to have the debt paid out of the son's property. However wrong he was in his conclusion, his claim does sufficiently rebut the theory that he maliciously and wantonly secreted the property. And his violent and ill-tempered language has perhaps done him more damage with the jury, than his conduct, ill-advised as it was, ought to have done him.

We think the statute was intended to punish wanton and malicious conduct, when the primary motive is to do injury, and thus gratify a malevolent disposition.

We are of opinion, therefore, that the facts disclosed in this record, do not warrant the verdict of the jury, and the judgment must be reversed.