959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne JOINER, Plaintiff-Appellant,
v.
Fred WISDOM, Police Chief; Tony Clifford, Franklin City
Police Officer; Gary Huffman, Franklin City Code
Department; Regina Morrell; Jennifer
Thomas, Defendants-Appellees.
 No. 91-6365.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1992.
 
 Before KENNEDY and SILER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Wayne Joiner, a Tennessee citizen, appeals pro se from the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is the second civil rights action filed by Joiner concerning his alleged illegal arrest and imprisonment for three days without bond. In his first complaint, Joiner listed two Tennessee municipalities as the defendants in the caption of his complaint, while the body of the complaint contained allegations against numerous city employees. He was advised by the district court that he could move to add the individuals as defendants and serve them with process. Although advised that he must file a motion to add individual defendants, he failed to do so merely filing an amended complaint alleging that they had violated his civil rights. He served the amended complaint on the city attorney who refused to accept service for the individuals named. Apparently no summons was issued. Plaintiff never properly served the individual defendants. The district court granted judgment to the cities, holding that they could not be liable on the basis of respondeat superior, and that Joiner has not alleged that any unconstitutional policy of the cities was the cause of his damages. This court affirmed on the same ground. Neither court recognized the individual employees as parties due to the failure to properly join them and the failure of service.
 
 
 3
 Joiner filed this second action naming some of the individual city employees as defendants and effecting service on them. Defendants then moved to dismiss the complaint for failure to state a claim, on the basis of res judicata. The district court granted the motion.
 
 
 4
 On appeal, Joiner argues that he is entitled to consideration of the merits of his claims. The appellees argue that this case was barred by res judicata, and request attorney fees and single or double costs under Fed.R.App.P. 38.
 
 
 5
 Upon consideration, it is concluded that neither the doctrines of claim preclusion or issue preclusion barred this cause of action. Claim preclusion bars a second action on the same facts between the same parties. White v. Colgan Electric Co., 781 F.2d 1214, 1216 (6th Cir.1986). The parties are not identical in these two complaints, as the individuals now named were never properly served and were not recognized as parties in the previous action. Nor are the new defendants in privity with the original defendants. This case is distinguishable from Micklus v. Greer, 705 F.2d 314 (8th Cir.1983), relied on by the defendants, which involved two different sets of state employees sued in their official capacities. Here, there was a suit against the municipalities, and a second suit against city employees individually. See also Headley v. Bacon, 828 F.2d 1272, 1279 (8th Cir.1987). Finally, defendants attempt to argue that Joiner was compelled to join the individuals as defendants under Fed.R.Civ.P. 19. They do not explain, and it is not apparent, why compulsory joinder would apply in this case, where no prejudice to either the original or current parties defendant has been shown.
 
 
 6
 Issue preclusion does not bar this claim, as that doctrine forecloses litigation only of those issues actually decided in a prior judgment. See In re Long Distance Telecomm. Lit., 831 F.2d 627, 635 (6th Cir.1987). The only issue resolved in the previous action was that the cities were not vicariously liable for the acts of the employees and that the cities had no unconstitutional policy. The issues involved in a suit against the employees themselves are clearly distinct.
 
 
 7
 Accordingly, it is ordered that the district court's dismissal of this case is vacated, and the case remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit. The request for sanctions under Fed.R.App.P. 38 is denied, as the appeal is not frivolous or unreasonable.