37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Wayne JOINER, Plaintiff-Appellant,
v.
Bill ZOTO; Ladye Kirkland; Brenda Monroe Linzey,
Defendants-Appellees.
 No. 94-5417.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 Before: MARTIN, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Wayne Joiner, a pro se Tennessee resident, appeals a district court order dismissing his complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Joiner brought this action against three employees of the city of Hendersonville, Tennessee in their individual capacities, seeking one and one half million dollars plus punitive damages. The defendants are a city codes inspector, a municipal judge, and a court clerk. Joiner alleged that he had been prosecuted for a violation of a city sign ordinance and that he had been denied due process during his trial due to bias of the judge and improper testimony by the other two defendants. He also alleged that the defendant codes inspector had maliciously prosecuted him and enforced the ordinance in a discriminatory manner and that the ordinance was therefore unconstitutional. The district court adopted the magistrate judge's recommendation to grant the defendants' motion to dismiss the complaint.
 
 
 3
 Upon review, we conclude that Joiner's claim of due process violations during his trial was properly dismissed, as the defendants are entitled to absolute immunity from a suit for damages based on their actions as judge and witnesses. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (judges); Briscoe v. LaHue, 460 U.S. 325, 335 (1983) (judges and witnesses).
 
 
 4
 Joiner's claim of malicious prosecution was also subject to dismissal, as an essential element of such an action is the termination of the underlying case in the accused's favor, which Joiner admits did not occur here. See Dunn v. Tennessee, 697 F.2d 121, 126-27 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983). Finally, Joiner's claim that the ordinance was unconstitutional because it was selectively enforced was subject to dismissal because he did not allege that the enforcement was based on constitutionally impermissible grounds, and his allegation of malice or bad faith was conclusory. See Yerardi's Moody St. Restaurant & Lounge, Inc. v. Board of Selectmen, 932 F.2d 89, 92 (1st Cir.1991); LeClair v. Saunders, 627 F.2d 606, 609-11 (2d Cir.1980), cert. denied, 450 U.S. 959 (1981). More than a bare assertion of legal conclusions is required to state a claim. See Scheid v. Fanny Farmer Candy Shops, 859 F.2d 434, 436 (6th Cir.1988).
 
 
 5
 Accordingly, all pending motions are denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.