37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Wayne JOINER, Plaintiff-Appellant,
v.
Fred WISDOM, Police Chief, Franklin, Tennessee; Tony
Clifford, Franklin City Police Officer; Gary Luffman,
Franklin City Code Department; Regina Morrell; Jennifer
Thomas; Tom Taylor, Defendants-Appellees.
 No. 94-5474.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1994.
 
 Before: KEITH, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, Wayne Joiner, appeals a summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This lawsuit is the complement to a previous action filed against the City of Franklin, Tennessee, and the City of Hendersonville, Tennessee. See Joiner v. City of Franklin, No. 3:90-0743 (M.D.Tenn. Jul. 3, 1991) (unpublished). In the present action, plaintiff sued the individual officers and employees that he failed to include in his original suit against the municipalities. He complained of an alleged unconstitutional three day incarceration in the Williamson County (Tennessee) jail from August 13, 1990, until August 16, 1990. The specific facts underlying the instant action are set forth in the district court's memorandum and will not be repeated here. Plaintiff sought solely damages. This action was initially dismissed on res judicata grounds, but the Sixth Circuit vacated this dismissal and reinstated plaintiff's action. See Joiner v. Wisdom, No. 91-6365, 1992 WL 64734 (6th Cir. Apr. 1, 1992).
 
 
 3
 On remand, the defendants moved for dismissal on grounds that the plaintiff failed to state claims entitling him to relief; alternatively, the defendants requested summary judgment. Because matters outside the pleadings were presented, the district court treated the defendants' motion as one for summary judgment and granted the motion in an order entered March 22, 1994.
 
 
 4
 Upon review, we affirm the district court's order as there is no genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); see LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 5
 The district court properly dismissed Judge Taylor on the basis that he is entitled to absolute judicial immunity. Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286, 288 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).
 
 
 6
 The district court properly dismissed defendants Morrell and Thomas because these defendants are entitled to quasi-judicial immunity, see Briscoe v. LaHue, 460 U.S. 325, 335 (1983); White v. Gerbitz, 892 F.2d 457, 464 (6th Cir.1989); Foster v. Walsh, 864 F.2d 416, 417-18 (6th Cir.1988), and, alternatively, these defendants did not proximately cause plaintiff's alleged injuries. Gerbitz, 892 F.2d at 463.
 
 
 7
 The district court properly dismissed defendant Luffman because plaintiff cannot establish an essential element of his malicious prosecution claim, i.e., a termination of the proceedings in plaintiff's favor. Perry v. Sharber, 803 S.W.2d 223, 225 (Tenn.Ct.App.1990).
 
 
 8
 The district court properly dismissed defendant Clifford because defendant Clifford is entitled to qualified immunity. See Anderson v. Creighton, 483 U.S. 635, 638 (1987); Malley v. Briggs, 475 U.S. 335, 341 (1986).
 
 
 9
 The district court properly dismissed defendant Wisdom because plaintiff has not alleged facts sufficient to show that defendant Wisdom encouraged or acquiesced in any of the actions taken by defendant Clifford. See Collins v. City of Harker Heights, 112 S.Ct. 1061, 1067 (1992); Walton v. City of Southfield, 995 F.2d 1331, 1340 (6th Cir.1993); Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir.1993).
 
 
 10
 Finally, plaintiff's request for declaratory relief with respect to the alleged unconstitutionality of the sign ordinance is denied because plaintiff's allegations are merely conclusory. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 11
 For the foregoing reasons, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.