50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne JOINER, Plaintiff-Appellant,
v.
David POLHEMUS, et al., Defendants-Appellees.
 No. 94-6084.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1995.
 
 1
 Before: MILBURN and NELSON, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Wayne Joiner, pro se, appeals a district court order adopting a magistrate judge's Report and Recommendation granting the defendants' motion for summary judgment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Joiner filed this civil rights suit under 42 U.S.C. Sec. 1983 against David Polhemus, a zoning inspector for the Davidson County Department of Codes Administration in Nashville, Tennessee; Charles Drew, a Metro/Davidson County police officer; and James Lawson, a Hendersonville, Tennessee police officer. Joiner alleged that the defendants denied him due process under the Fourth Amendment, equal protection under the law, and his right to be free from unreasonable search and seizure when he was detained and subsequently arrested in 1991 for posting signs on trees throughout Davidson County which read "House Wash--264-0023."
 
 
 4
 The case was referred to a magistrate judge who concluded that: 1) the named police officers were acting pursuant to a facially valid warrant and, thus, did not deprive Joiner of any constitutional right to be arrested only upon probable cause; 2) Joiner had no claim based on the fact that defendant Lawson arrested him outside the city limits of Hendersonville, Tennessee; and 3) the defendants' actions did not amount to deliberate indifference to a serious medical need to establish an Eighth Amendment violation. Analyzing Joiner's Fourth Amendment claims, the magistrate judge determined that Joiner's constitutional rights were not violated when Polhemus ordered Joiner from his truck and ordered Joiner to give Polhemus his driver's license. The magistrate judge also found the evidence insufficient to support claims of malicious prosecution, selective enforcement, discrimination, or a violation of equal protection under the law. Lastly, the magistrate judge found no procedural due process violation, because Polhemus had probable cause to support his affidavit used to secure the arrest warrant for Joiner's alleged violation of Tenn.Code Ann. Sec. 39-14-502, prohibiting criminal littering. Accordingly, the magistrate judge recommended that the defendants' motion for summary judgment be granted and warned Joiner that his failure to file objections within ten days of the receipt of the Report could be deemed a waiver of his right to appeal the district court's order adopting the Report and Recommendation. This Report was entered on May 3, 1994.
 
 
 5
 On May 6, 1994, the district court received Joiner's Notice of Appeal. The district court responded by notifying Joiner that his appeal was inappropriate at that time, since no appealable order had yet been entered by the court. In this order, the district court reminded Joiner that his failure to file specific objections to the magistrate judge's Report could be deemed a waiver of the right to appeal the issues presented therein. Lastly, the district court gave Joiner an additional ten days to file specific objections. Joiner replied with a letter requesting the court to sign the magistrate judge's order so that Joiner could "get the matter before the Higher Court, as I have no hope of prevailing in any matter of importance before this court." Joiner set forth no specific objections to the magistrate judge's Report and Recommendation. The district court adopted the Report and Recommendation in its entirety, on August 12, 1994. On appeal, Joiner repeats his arguments presented to the district court.
 
 
 6
 A party who does not file timely objections to a magistrate judge's Report and Recommendation, after being advised to do so, waives his right to appeal pursuant to United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). Not only must the objections be timely, they must be specific; a general objection to a Report is not sufficient to avoid waiver of further review. Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 508-09 (6th Cir.1991). Joiner's general objection to the magistrate judge's Report and Recommendation and his request that the district court adopt the Report failed to preserve Joiner's right to appeal the issues he now presents to this court. Moreover, this is not a case presenting extraordinary circumstances warranting an exception to the rule in the interests of justice. Thomas, 474 U.S. at 155 and n. 15; O'Neal v. Morris, 3 F.3d 143, 144-45 (6th Cir.1993), vacated on other grounds, 1995 WL 66598 (U.S. Feb. 21, 1995).
 
 
 7
 In his brief, defendant Lawson argues that this appeal is frivolous, and requests attorneys' fees and costs. However, recently amended Fed.R.App.P. 38 requires that a party alleging that an appeal is frivolous must file a separate motion for attorneys' fees and costs. Therefore, the request is denied.
 
 
 8
 Accordingly, the district court's order granting the defendants' motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation