52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Wayne JOINER, Plaintiff-Appellant,
v.
Thomas GOODALL; Bill Zoto, Defendants-Appellees.
 No. 94-6332.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 Before: WELLFORD, BOGGS and SILER, Circuit Judges.
 
 ORDER
 
 1
 Wayne Joiner appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Joiner filed his complaint in the district court alleging that he was selectively prosecuted and deprived of constitutional rights during state judicial proceedings which resulted in his being convicted of a violation of a Hendersonville, Tennessee, sign ordinance. Plaintiff sued the defendant state court judge and city codes inspector in unspecified capacities and sought one million dollars unspecified damages from each defendant. The defendant city codes inspector moved to dismiss the complaint, and the defendant judge moved to dismiss or for summary judgment. Plaintiff responded in opposition to both motions. The district court granted summary judgment for defendants.
 
 
 3
 Upon consideration, the judgment is affirmed for the reasons stated by the district court in its memorandum entered September 29, 1994, with respect to the defendant judge. This defendant clearly enjoys absolute immunity from suit for damages on the basis of the acts alleged. See Mireles v. Waco, 112 S.Ct. 286, 288 (1991); King v. Love, 766 F.2d 962, 965-68 (6th Cir.), cert. denied, 474 U.S. 971 (1985).
 
 
 4
 The district court concluded that the city codes inspector enjoys absolute immunity from suit from damages under the doctrine of prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). However, the record reflects that this defendant's acts were in the nature of a complaining witness rather than a prosecutor. Nevertheless, we can affirm the judgment for the defendant city codes inspector for reasons other than those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 5
 First, plaintiff acknowledged that he cannot establish an essential element of a malicious prosecution claim in Tennessee: that the proceedings terminated in his favor. See Dunn v. Tennessee, 697 F.2d 121, 126-27 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983). Further, this defendant is entitled to absolute immunity in his capacity as witness in the state prosecution. See Briscoe v. LaHue, 460 U.S. 325, 335 (1983). Therefore, the summary judgment for this defendant is affirmed for these reasons.
 
 
 6
 Finally, we note that this is not the first time Mr. Joiner is before this court. Mr. Joiner has appealed to this court in two previous actions stemming from his dissatisfaction with the local sign ordinance. This is the second time he has sued Mr. Zoto. See Joiner v. Wisdom, No. 94-5474, 1994 WL 545471 (6th Cir. Oct. 5, 1994); Joiner v. Zoto, No. 94-5417, 1994 WL 533059 (6th Cir. Sept. 30, 1994). We have resolved each appeal pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Having reviewed the decisions of the prior panels and the record in this case we have determined that this appeal is frivolous. Therefore, we assess double costs against Mr. Joiner. Fed.R.App.P. 38. See WSM, Inc., v. Tennessee Sales Co., 709 F.2d 1084, 1088 (6th Cir.1983); NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585 (6th Cir.1987).
 
 
 7
 Accordingly, the judgment of the district court is affirmed and double costs are assessed against Mr. Joiner. Rule 9(b)(3), Rules of the Sixth Circuit.