52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Wayne JOINER, Plaintiff-Appellant,
v.
Allen HOBART; Scott West; Charles Bobbit, Jr.; Robert
Mann, Police Chief, White House, TN; Cindy
Spivey, Defendants-Appellees.
 No. 94-6610.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1995.
 
 1
 Before: NELSON and BOGGS, Circuit Judges; and GILMORE, District Judge.*
 
 ORDER
 
 2
 Wayne Joiner, a Tennessee citizen, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The defendants have filed a motion for sanctions pursuant to Fed.R.App.P. 38. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The facts underlying Joiner's complaint are adequately set forth in the district court's order granting the defendants' motion to dismiss and will not be repeated here. Suffice it to say that Joiner made several rambling, convoluted charges against various persons, alleging that his civil rights were violated when a local government prosecuted him for violation of its sign ordinances.
 
 
 4
 Defendants Scott, West, Bobbit, Mann and Spivey filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The district court granted the defendants' motion in a memorandum and order entered November 17, 1994. Although defendant Hobart did not submit a motion to dismiss the claims against him, the district court considered those claims sua sponte, as they related to the same claims against defendant West, and dismissed those claims against defendant Hobart. The court also ordered Joiner to pay all costs associated with the defendants responding to Joiner's "Motion for a Court Order."
 
 
 5
 Upon review, we conclude that the district court properly dismissed the complaint as Joiner undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993); Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993).
 
 
 6
 The district court properly dismissed Judge Bobbit on the basis that he is entitled to absolute judicial immunity. Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286; 288 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).
 
 
 7
 The district court properly dismissed defendants Spivey and Mann. Joiner has failed to state a claim for a constitutional violation against these defendants. He has cited no authority, nor is this court aware of any authority, that would support a cause of action for the court clerk's refusal to provide a party immediately with a taped copy of his court hearing. In any event, Joiner's claim is moot. The hearing tape about which he complained has been made available to him.
 
 
 8
 The district court properly dismissed defendants Hobart and West. Joiner has failed to state any violation of a constitutional right with respect to these defendants. See Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); United of Omaha Life Ins. Co. v. Solomon, 960 F.2d 31, 33 (6th Cir.1992) (per curiam). The only plausible constitutional violation that can be derived from the facts is a Fourth Amendment violation. However, no search or seizure occurred in this case. See United States v. Dionisio, 410 U.S. 1, 9 (1973) (the service or issuance of a summons to appear before a grand jury does not constitute a seizure). Therefore, Joiner has failed to state a cognizable Sec. 1983 claim.
 
 
 9
 Joiner's trespass claim against these defendants was properly dismissed. The law is well-established that "a [public official] is privileged to commit a trespass if he is exercising his lawful authority and if he exercises it in a reasonable manner, causing no unnecessary harm." Downs v. United States, 522 F.2d 990, 1003 (6th Cir.1975) (emphasis in original). Joiner has not alleged that the service of the summons was unreasonable or that it caused him unnecessary harm.
 
 
 10
 Joiner asserted a cause of action for "improper service" of a "false summons." However, there is no cause of action for improper service of a false summons. Additionally, Joiner's claim that the summons was "false" because it did not contain a sworn affidavit nor was it notarized, is without merit. Tenn.Code Ann. Sec. 7-63-101(3) (1993) does not require that a citation or summons contain a sworn affidavit or that it be notarized.
 
 
 11
 Joiner's invasion of privacy claim asserted against defendant Hobart was properly dismissed. Under Tennessee law, liability for the tort of invasion of privacy accrues when a person has committed an intrusion beyond the limits of decency such that he has interfered with a person's interest in not having his affairs known to others or likeness exhibited to the public. Martin v. Senators, Inc., 418 S.W.2d 660, 663 (Tenn.1967). Joiner failed to allege any set of circumstances under which defendant Hobart would be liable for invasion of privacy under Tennessee law. Accordingly, Joiner's claim was properly dismissed.
 
 
 12
 In his appellate brief, Joiner has made a request for the recusal of district court Judge Echols on the ground that Judge Echols has ruled against him in prior cases. A judge's participation in a prior proceeding involving the party does not require recusal. Demjanjuk v. Petrovsky, 776 F.2d 571, 577 (6th Cir.1985), cert. denied, 475 U.S. 1016 (1986). Therefore, Joiner's request for recusal is denied.
 
 
 13
 Joiner's arguments challenging the Fed.R.Civ.P. 37 sanctions are without merit. A court's order imposing sanctions under Fed.R.Civ.P. 37 is reviewed only for abuse of discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). The district court did not abuse its discretion. The district court clearly stated its reasons for imposing sanctions, and those reasons were proper considerations.
 
 
 14
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. We find this appeal to be frivolous and, pursuant to Rule 38, Federal Rules of Appellate Procedure, we award double costs (but not attorney fees) to the defendants.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation