# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**February 1, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

SCOTTIE ALLEN YANT,      )
                                      )
      Plaintiff/Appellant,     )
                                      )     Appeal No.
                                      )     01-A-01-9801-CV-00004
VS.                           )
                                      )     Davidson Circuit
                                      )     No. 96C-2478
ARROW EXTERMINATORS, INC.   )
                                      )
      Defendant/Appellee.    )

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE BARBARA N. HAYNES, JUDGE

JOE F. GILLESPIE, JR.
6408-A Clarksville Highway
Joelton, Tennessee 37080
      Attorney for Plaintiff/Appellant

SHELBY R. GRUBBS
DENISE ARENTH MILLER
MILLER & MARTIN LLP
832 Georgia Avenue
Suite 1000, Volunteer Building
Chattanooga, TN   37402-2289
      Attorneys for Defendant/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
TODD, J.

# O P I N I O N

The manager of an exterminating company brought criminal charges against the owner of a competing company for the alleged theft of a piece of equipment. The general sessions court determined that probable cause existed, but the grand jury declined to indict. The defendant in the criminal case subsequently filed suit for malicious prosecution. The trial court granted summary judgment to the civil defendant. We affirm.

## I.

## The Criminal Action

Mark Evans, an employee of Arrow Exterminators, told Steve Higdon, his supervisor at Arrow, that a Delta Actisol Exterminating Unit, worth about $2,000, had been stolen on a Friday night from the back of Mr. Evans' company truck. The date of the alleged theft was January 6, 1995. Mr. Evans later told Mr. Higdon that his neighbor, Quentin Pewitt, had seen a man taking the unit from the pickup truck in the middle of the night. Mr. Pewitt allegedly confronted the man, and was told that Mr. Evans had given him permission to take the unit.

Mr. Higdon reported the theft to the Metropolitan Nashville Police Department, and the detective assigned to the case assembled a photo lineup that was reviewed by Mr. Pewitt. From the line-up, he picked out a photograph of Scottie Allen Yant, owner of Ace Exterminators, as the individual who had taken the unit from the truck.

Mr. Higdon was notified of this development, and he signed a theft of property affidavit on February 2, 1995, following which the State issued a warrant for Scottie Yant. On March 15, 1995, Mr. Yant was arrested at his place of business, in full view of his employees. Mr. Yant, Mr. Evans and Mr. Pewitt all testified at the probable cause hearing, which was held in general sessions court on April 17, 1995.

Mr. Pewitt identified Mr. Yant as the person he saw removing the Actisol unit from Mr. Evans' truck, and stated that he had never seen him before that night. On cross-examination, Mr. Pewitt admitted that he had known Mr. Evans since Christmas of 1994, and that he considered him a friend. The judge ruled that probable cause existed, and he bound the matter over to the grand jury. The grand jury returned a no true bill. After a second presentation, the grand jury again declined to indict Mr. Yant.

## II.

## The Civil Action

Mr. Yant filed the present action for malicious prosecution on July 2, 1996. The complaint recited a prior history of troubled dealings between Mr. Evans and his employers. Mr. Evans had worked for Ace Exterminators from August of 1993 until January of 1994, but quit after Mr. Yant allegedly warned him against using narcotics on the job. Mr. Evans subsequently went to work for Arrow Exterminators. He allegedly solicited the clients of Ace Exterminators in violation of a non-compete agreement, and may have been behind a complaint of vandalism that was erroneously leveled against Mr. Yant. Mr. Evans was terminated by Mr. Higdon for filing false reports with Arrow Exterminators, after the disappearance of the Actisol unit but before the preliminary hearing.

Mr. Yant's theory was that in view of Mr. Evans' dishonesty, and his known antagonism to Mr. Yant, it was unreasonable for Mr. Higdon to pursue criminal charges that were based so heavily on input by Mr. Evans, without further investigation. Mr. Yant also implied that Mr. Pewitt's testimony was inherently untrustworthy, because of his friendship with Mr. Evans. The defendant answered the complaint on August 23, 1996, and filed a Motion for Summary Judgment on August

29, 1996. After a hearing, the trial court granted the defendant's motion. This appeal followed.

## III.

## The Elements of Malicious Prosecution

The elements required to establish a claim for malicious prosecution are (1) a prior suit or judicial proceeding instituted without probable cause, (2) that such prior action was brought with malice, and (3) the termination of the prior action in the plaintiff's favor. *Lewis v. Williams*, 618 S.W.2d 299 (Tenn. 1981). *Logan v. Kuhn's Big K Corp.,* 676 S.W.2d 948 (Tenn. 1984).

Relying on the *Logan* case, the appellant argues that to demonstrate probable cause, the defendant must prove both that the prosecutor held a good faith and honest belief that the accused was guilty of the crime as charged, and that the belief was reasonable. However, as the appellee correctly points out, our Supreme Court has recently overruled this proposition in *Roberts v. Federal Express Corporation*, 842 S.W.2d 246 (1992).

In *Roberts*, the Court refined its analysis of the elements of a malicious prosecution claim by ruling that the motivations or mental state of the prosecutor are only relevant to the element of malice, and that the question of probable cause must be based upon an objective standard. "Properly defined, probable cause requires only the existence of such facts and circumstances sufficient to excite in a reasonable mind the belief that the accused is guilty of the crime." 842 S.W.2d at 248.

Thus, without a finding that the facts and circumstances of this case would been insufficient to establish probable cause in reasonable minds, the possible motivations of Mr. Higdon are not relevant, for they do not create a question of

material fact such as would defeat the Motion for Summary Judgment. *See Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993).

It is undisputed that Mr. Evans reported to the police that an exterminating unit had disappeared from the back of his truck. It is also undisputed that a witness testified to having seen and spoken to the man who removed the unit, and that he identified that person as Mr. Yant, both in a photo line-up conducted by a police detective and in the courtroom. On the basis of this evidence, the trial court found that probable cause existed to bind the matter over to the grand jury.

We agree with the appellant that a finding of probable cause in the general sessions court does not, in and of itself, preclude a finding of lack of probable cause in a subsequent civil action for malicious prosecution. See for example, *Perry v. Sharber*, 803 S.W.2d 223 (Tenn. App. 1990). However, when testimony which, if unrefuted, would be sufficient to establish probable cause, is tested by cross-examination in a court of law, then a trial court dealing with a malicious prosecution claim is entitled to find that probable cause has been established, and that the defendant is entitled to judgment as a matter of law.

**IV.**

The judgment of the trial court is affirmed. Remand this cause to the Circuit Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:

- 6 -

_____
WILLIAM C. KOCH, JR., JUDGE


_____
HENRY F. TODD, JUDGE