**Wayne JOINER, Plaintiff–Appellant,**

v.

**Sue EVANS, et al., Defendants–Appellees.**

**No. 00–5832.**

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

**486**

Before JONES and CLAY, Circuit Judges; DOWD, District Judge.*

Wayne Joiner, a pro se Tennessee resident and frequent litigant, appeals the district court order granting Fed.R.Civ.P. 11 sanctions to two of the named defendants in his civil rights suit. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This is Joiner's second appeal in this case. Seeking monetary, declaratory, and injunctive relief in a fee-paid complaint, Joiner sued three state judges; a state prosecutor; a state court clerk; the City of Hendersonville, Tennessee, and several employees of the city; Metropolitan Government of Nashville and Davidson County (Metropolitan); Donald Swartz, an employee of Metropolitan; a police chief and three police officers; a state trooper; and two corporations. He alleged that his constitutional rights were violated in connection with the 1997 towing of his automobile and state court proceedings related to the towing. After the district court dismissed the complaint, defendants Donald Swartz and Metropolitan moved for attorneys' fees under 42 U.S.C. § 1988 and sanctions pursuant to Fed.R.Civ.P. 11. In an order

entered June 2, 2000, the district court denied the motions for attorneys fees but ordered Joiner to pay a total of $500 to Swartz and Metropolitan as a sanction.

In his timely appeal, Joiner argues that the district court's decision was unfair and illegal.

This court reviews a district court's decision to impose or deny sanctions for an abuse of discretion. *See* Fed.R.Civ.P. 11; *Ridder v. City of Springfield,* 109 F.3d 288, 293 (6th Cir.1997).

Upon review, we conclude that the district court did not abuse its discretion when the court sanctioned Joiner. In this case, Joiner had attached signs to the tops of automobiles and parked them on streets, beside interstate highways, and in parking lots. When the cars were towed, Joiner sued those he believed responsible. The district court has repeatedly rejected Joiner's attacks on those charged with enforcing the laws against his unconventional advertising techniques, and this court has imposed sanctions against him for filing frivolous appeals. *See Joiner v. Hobart,* No. 94–6610, 1995 WL 234656 (6th Cir. Apr.20, 1995); *Joiner v. Goodall,* No. 94–6332, 1995 WL 218446 (6th Cir. Apr.12, 1995); *Joiner v. Polhemus,* No. 94–6084, 1995 WL 122780 (6th Cir. Mar.21, 1995); *Joiner v. Wisdom,* No. 94–5474, 1994 WL 545471 (6th Cir. Oct.5, 1994); *Joiner v. Zoto,* No. 94–5417, 1994 WL 533059 (6th Cir. Sept.30, 1994); *Joiner v. City of Franklin, Tenn.,* No. 91–5894, 1991 WL 238303 (6th Cir. Nov.15, 1991). Under these circumstances, Joiner's conduct in filing this action was not objectively reasonable. *See Ridder,* 109 F.3d at 293. Accordingly, the district court acted within its discretion when the court sanctioned Joiner as a means to deter him from filing such lawsuits in the future. *See Union*

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

*Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 386 (6th Cir.1997).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.